UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

TONY L. HICKS,            )
                          )
        Plaintiff,        )    No. 1:11-cv-00010
                          )    Judge Haynes
v.                        )
                          )
DAMON HININGER, et al.,   )
                          )
        Defendants.       )

## MEMORANDUM

Plaintiff, Tony L. Hicks, an inmate at the South Central Correctional Facility in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 asserting claims that he did not receive proper medical care for injuries he sustained while incarcerated. (Docket No. 1). Plaintiff seeks compensatory damages in the amount of two hundred fifty thousand dollars ($250,000.00) for his pain and suffering as well as injunctive relief for adequate medical treatment of his injury. (Docket No. 1 at pp. 5A-5B).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua*

*sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To state a claim under § 1983, the Plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

According to the Plaintiff's complaint, on or around August 9, 2010, while the Plaintiff was working at his masonry job at the South Central Correctional Facility, he moved several eighty (80) pound bags of concrete mix at the direction of his instructor. (Docket No. 1 at p. 5). As he moved the bags, the Plaintiff "felt something pop in [his] lower back." The Plaintiff alleges that the next day his back was sore. *Id.* After a week, Plaintiff's back pain did not subside. Plaintiff signed up for sick-call, but "they" kept referring the Plaintiff to the doctor, who was not readily available. *Id.* Plaintiff did not see the doctor on October 22, 2010. *Id.* The doctor prescribed steroids and pain medication for the Plaintiff's condition at that time. *Id.*

On November 5, 2010, the Plaintiff returned to sick-call because his back pain had not improved. *Id.* The nurse told him there was nothing she could do, so she referred him to the doctor again. *Id.* On November 18, 2010, the Plaintiff saw the doctor again, and was given a shot in the hip to decrease Plaintiff's pain. *Id.* This doctor also provided the Plaintiff with a cane for assistance with walking. *Id.* The Plaintiff asked the doctor to order an M.R.I., but the doctor declined. *Id.*

The Plaintiff alleges that he continues to experience a great deal of back pain and believes that he is entitled to an M.R.I. "or whatever it takes" for purposes of determining the source of his

pain and the appropriate treatment for his pain. *Id.* at pp. 5-6).

To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, a Plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Here, the Plaintiff's complaint states that he was evaluated by a nurse and a doctor at the facility on more than one occasion and that ultimately the doctor prescribed two different medications for the Plaintiff's back problems in addition to giving the Plaintiff a localized shot. The doctor also provided the Plaintiff with a cane for assistance with walking. Thus, the Plaintiff received some medical attention. Yet, given the doctor's prior diagnoses, the history of Plaintiff's treatment and Plaintiff's continued pain, the Court concludes that Plaintiff's claims for injunctive relief state a viable claim.

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge